NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CHRISTERFER FRICK,<br><br>Defendant - Appellant. | No. 24-2417<br><br>D.C. No.<br>2:21-cr-00110-RAJ-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted June 2, 2025[**]
Seattle, Washington

Before: RAWLINSON, BRESS, and BUMATAY, Circuit Judges.

Christerfer Frick (Frick) appeals his convictions for possession of controlled

substances with intent to distribute and conspiracy to distribute controlled

substances in violation of 21 U.S.C. §§ 841 and 846. Frick contends that the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court erred in denying his motion to suppress evidence found in his residence, and in denying him a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).[1]  We affirm.

**1.**  We are unpersuaded by Frick's contention that the search warrant for his residence was not supported by probable cause because the investigating officer failed to disclose in his supporting affidavit the informant's criminal history.

The search warrant was not based solely on information provided by the informant, and there were several independent bases for the magistrate judge to find probable cause supporting the search including:  (1) details of orders for synthetic heroin that an undercover agent placed on the dark web, and that were filled in a parcel sent from a post office in Granite Falls, Washington; (2) security footage of a man resembling the informant depositing parcels at the same post office; (3) a search of the informant's residence in which a parcel addressed to the undercover officer and controlled substances were found; (4) discovery of Frick's phone number and "approximately 300" communications between the informant and Frick on the informant's cellphone, including a message indicating that the informant was not stealing from Frick; (5) Frick's prior conviction for conspiracy

---

[1]  Although Frick mentions that law enforcement failed to adequately corroborate the informant's statements, we decline to consider this issue "as he mentions it only in passing in his briefs" and does not provide sufficient supporting contentions.  *United States v. Motley*, 89 F.4th 777, 783 n.10 (9th Cir. 2023) (citation omitted).

to distribute controlled substances; and (6) identification of vehicles parked at Frick's residence that had been described by the informant. The affidavit also stated that the informant "was involved in drug trafficking, used drugs, and the Court should assume that [the informant] had a drug problem." Given that the magistrate judge was aware of this information which bore negatively on the informant's credibility, the informant's criminal history—which included only one felony that was nearly ten years old and four misdemeanors that were over five years old—would not have changed the finding of probable cause. Frick, therefore, fails to demonstrate that any omissions concerning the informant's criminal history "undermine[d] the reasonableness of the ultimate probable cause determination." *United States v. Fisher*, 56 F.4th 673, 684 (9th Cir. 2022) (footnote reference omitted).

2. The district court did not err in denying Frick a *Franks* hearing. "To obtain a *Franks* hearing, a defendant must make a substantial preliminary showing that: (1) the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant, and (2) the false or misleading statement or omission was material, *i.e.*, necessary to finding probable cause. . . ." *United States v. Kvashuk*, 29 F.4th 1077, 1088 (9th Cir. 2022) (citation and internal quotation marks omitted). A *Franks* hearing was unwarranted because the investigating officer's omission of the informant's criminal history was not

material due to the independent bases for probable cause provided in the search warrant affidavit, as well as the affidavit's disclosure of the informant's conduct and involvement in the drug trafficking operation. *See id.* Nor did Frick meet his burden to show that the officer "intentionally or recklessly" omitted the information. *Id.*

And a *Franks* hearing was not warranted based on the investigating officer's description of the envelopes discovered at the informant's residence. Frick did not establish that the officer's description of some envelopes as being opened was material to the magistrate judge's probable cause determination. *See id.*[2]

**AFFIRMED.**

---

[2] Because the search warrant was supported by probable cause and Frick was not entitled to a *Franks* hearing and Frick's motion for reconsideration did not provide any new facts or evidence to the contrary, the district court did not abuse its discretion in denying Frick's motion. *See* W.D. Wash. Local Crim. R. 12(b)(13).